UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHOUEST OFFSHORE SERVICES, LLC | CIVIL ACTION |
| VERSUS | NO. 04-0446 c/w 04-0474 |
| SUPERIOR ENERGY SERVICES, LLC *in personam* and the L/B SUPERIOR GALE, *in rem* | SECTION "T"(4) |

Before the Court is a Motion for Summary Judgment (Doc. 115) filed on behalf of the Bollinger Shipyards, LLC ("Bollinger"). The Court, having considered the arguments of the parties, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

### ORDER AND REASONS

**I.   BACKGROUND**

During the years 2001 and 2002, Bollinger constructed L/B SUPERIOR GALE ("GALE") pursuant to a November 2, 2000 Vessel Construction Agreement with Cardinal Services, Inc., predecessor in interest to Superior Energy Services, LLC ("Superior"). International Marine Systems, LLC ("IMS"), pursuant to an October 23, 2001, Master Work Contract, installed equipment aboard the vessel, including various engine room alarms. The

vessel was delivered to Superior in December 2002.  Superior placed the vessel into service shortly thereafter.

When the vessel was placed into service, Superior experienced problems with a malfunctioning low fuel/low oil pressure alarm and Bollinger agreed to fix the alarm.  On or about February 17, 2003, IMS returned to Bollinger's yard to install a fuel override switch on GALE's engines at the request of Superior.

On February 19, 2003, while the GALE was in route between the shipyard in Lake Charles, Louisiana and a shipyard in Fourchon, Louisiana, a fire erupted in the lift boat's starboard engine room causing major damage.  The fire was fought by GALE's crew using its own equipment and equipment provided by the vessel C-ADVENTURER, owned by Chouest Offshore Services, LLC ("Chouest"), which was called by GALE for assistance.  The GALE was subsequently towed by the C-ADVENTURER until it passed to another towage vessel hired by Superior.  The GALE remained out of service for an extended period after the accident awaiting repairs.

Superior filed suit against International Marine Systems ("IMS") for its alleged fault in causing the fire and against Sotec, LLC for the alleged failure of its $CO_2$ system to suppress the fire.  Superior also joined Bollinger as a defendant, asserting various allegations of fault regarding the construction of the vessel.

In the action entitled *Superior Energy Services, LLC, et al v. International Marine Systems, LLC, et al*, Civil Action No. 04-0474 "D"(3), Superior sought recovery of consequential

6

and tort damages. The case was subsequently consolidated with the earlier filed salvage claim of Chouest entitled "*Chouest Offshore Services, LLC v. Superior Energy Services, LLC, et al*," Civil Action No. 04-0446, "T"(4) (the lead case). On or about April 12, 2004, IMS filed a Cross-Claim against Bollinger asserting the right to recover tort based contribution and indemnity. The Cross-Claim was filed in consolidation action No. 04-0474.

Bollinger answered the Original Complaint, Third Party Complaint, and Cross-Claim denying responsibility. Bollinger subsequently filed a Motion for Partial Summary Judgment seeking the dismissal of the tort claims asserted by Superior. On July 15, 2005, this Court entered an order dismissing Superior's claims for consequential and tort damages.

Subsequently, on or about November 28, 2005, Bollinger filed a Motion for Partial Summary Judgment for IMS' Cross-Claim against Bollinger.

## II.   LAW AND ANALYSIS OF THE COURT

### A.   Rule 56 Summary Judgment

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes

demonstrate the absence of a genuine issue of material fact.  *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir. 1996) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), *cert. denied*, 506 U.S. 832 (1992)).  When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial*."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir. 1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."  *Matsushita Elec. Indus. Co.*, 475 U.S. at 588.  Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

**B.      Analysis of the Court**

First, this Court will not address any issues outside of the scope of Bollinger's pending motion.  Bollinger's pending motion is whether IMS can seek contribution and indemnity from Bollinger, and not with respect to any interpretation of the Vessel Construction Contract and the purported limitation on recovery of consequential damages between Superior and Bollinger.  Additionally, at this time the Court will not make a determination between Superior, IMS, Sotec

and Bollinger in regards to the proportional share rule stated in *McDermott v. AmClyde*, 511 U.S. 202, 114 S.Ct. 1461, 128 L.Ed.2d 148 (1994).

Secondly, On July 15, 2005, this Court entered an order dismissing Superior's claims against Bollinger for consequential and tort damages relying upon the Vessel Construction Contract and the doctrine enunciated in *East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 106 S.Ct 2295 (1986). In support of the instant motion before the Court for Partial Summary Judgment from IMS, Bollinger argues that IMS' claims asserting the right to recover tort based contribution and indemnity have no basis due to this Court's aforementioned ruling. Bollinger argues that in order for one tortfeasor to obtain contribution or indemnity from another tortfeasor, there must be a common liability to the plaintiff.

While the traditional view is that there can be no contribution between concurrent tortfeasors unless they share a "common legal liability" toward a plaintiff, the contribution action arises from an original obligation that the party casts in contribution owed to a plaintiff. *Simeon v. T. Smith & Son, Inc.*, 852 F.2d 1421 (5th Cir. 1988). Sometimes a "concurrent" tortfeasor who is immune from the plaintiff's direct action and thus immune from a traditional contribution claim, owes the other concurrent tortfeasor some independent duty, or has made some express or implied promise to that tortfeasor so that a "contribution" action is permissible. *Id.*

This type of "contribution" does not arise because of an obligation running from the contributing tortfeasor to the plaintiff; it rather arises because of the relationship directly between the concurrent tortfeasors themselves. *See*, *Weyerhaeuser Steamship Co. v. United*

6

*States*, 372 U.S. 597, 83 S. Ct. 926, 10 L. Ed. 2d 1 (1963); *Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp.*, 350 U.S. 124, 76 S. Ct. 232, 100 L. Ed. 133 (1956) (permitting indemnity claim by shipowner against LHWCA employer on grounds that employer had breached its contractual obligation running to shipowner); *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 103 S. Ct. 1033, 74 L. Ed. 2d 911 (1983) (holding that the exclusive liability protection afforded the United States by Federal Employees' Compensation Act, 5 U.S.C. § 8101 et seq., would not bar an indemnity claim by a concurrent tortfeasor, provided there was some substantive law of indemnity on which the claim could be based); *Travelers Insurance Co. v. United States*, 493 F.2d 881, 886 (3d Cir.1974) (discussing *Weyerhaeuser*).

In this case, IMS has not sought to prove the existence of any such obligation running directly from Bollinger to IMS. Therefore, this Court holds the traditional view of no contribution or immunity as exemplified by such aforementioned cases, and denies IMS contribution from Bollinger with regards to any tort based claims from Superior.

For the reasons stated above and in the Order and Reasons (Doc #115), this Court finds that the Vessel Construction Agreement clearly and unequivocally precludes recovery of consequential damages and limits other recovery to contractually specified damages from Superior. Therefore, IMS cannot pursue a tort based contribution or indemnity claim against Bollinger in this action and its tort claims are dismissed.

Accordingly,

**IT IS ORDERED** that the Motion for Partial Summary Judgment filed on behalf of the Bollinger Shipyards, L.L.C, be and the same is hereby **GRANTED.**

New Orleans, Louisiana, this 3rd day of April, 2006.

_____
**G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE**

6