UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHOUEST OFFSHORE SERVICES                    CIVIL ACTION

VERSUS                                       NO: 04-446

SUPERIOR ENERGY SERVICES,                    SECTION: "J" (4)
LLC

**ORDER AND REASONS**

Before the Court is the **Motion for Summary Judgment (Rec. Doc. 244)** filed by International Marine Systems, LLC ("IMS"). This motion, which was opposed, was set for hearing on December 20, 2006, without oral argument.  Having reviewed the motion, the memoranda of counsel, and applicable law, the Court finds that IMS's motion for summary judgment should be granted.

<u>**Background Facts**</u>

This litigation involves a fire which ignited in the starboard engine room of the SUPERIOR GALE, owned by Superior Energy Services ("Superior") on February 19, 2003.  Bollinger Shipyards Lockport, L.L.C. ("Bollinger") constructed the SUPERIOR GALE  pursuant to a Vessel Construction Agreement.  Bollinger hired IMS to install a machinery alarm system and other vessel components in the engine of the SUPERIOR GALE, pursuant to a Master Work Contract ("MWC"), dated October 23, 2001.  The MWC contained reciprocal defense and indemnity obligations for both IMS and Bollinger.  IMS's obligations are described as follows:

1

>Contractor [IMS] agrees to indemnify, defend, and
>hold harmless, Bollinger, its executive officers,
>directors, and stockholders, Vessels which are in
>or on Bollinger's premises for storage, repair,
>refurbishing or construction, whether said Vessels
>are owned by Bollinger, Bollinger's Customers . .
>. ,Contractor or other persons, . . . , and all of
>Bollinger's customers, clients and persons for
>whom Bollinger is performing work or furnishing
>services for any reason, from time to time, now or
>in the future, . . .from and against any and all
>liens and claims, demands or suits for damages to
>persons and/or property (including, but not
>limited to claims, demands, or suits for bodily
>injuries, illness, disease, death, loss of
>services, maintenance, cure, workers' compensation
>of any type, property or wages), which may be
>brought against Bollinger . . .by Contractor
>itself, or any of Contractor's employees and
>agents, or the agents and employees of
>Contractor's subcontractors incident to, arising
>out of, in connection with, or resulting from the
>activities of Contractor . . . .

(Exhibit 2 to IMS Motion for Summary Judgment).  Bollinger filed

a cross-claim against IMS, seeking contractual defense and

indemnity.  IMS, citing the above language from the MWC, argues

that none of the claims for which Bollinger seeks contractual

defense and indemnity involve damage to property of IMS or damage

to the property of IMS's employees, agents, or subcontractors.

Bollinger asserts for the first time in its opposition to

IMS's motion for summary judgment, that its claim for contractual

defense and indemnity is not based solely on the MWC - but is

also based on the Terms and Conditions of Purchase Order dated

September 24, 2002.  Those terms and conditions state:

>Indemnification - Seller [IMS] shall indemnify and
>hold buyer [Bollinger] harmless against all

2

> liabilities, losses, damages and expenses,
> including attorney's fees, for . . . property
> damage incident to, arising out of, resulting from
> the activities of seller, its employees and
> agents, or its subcontractors and their agents and
> employees, or in connection with the work to be
> performed, services to be rendered, or materials
> to be furnished, under any Purchase Order, except
> in those instances where such liability, losses,
> damages or expenses are caused solely and directly
> by Buyer's negligence.

(Exhibit B to Bollinger's Opposition).  Bollinger contends that the above terms and conditions, require IMS to indemnify Bollinger against any claims arising out of IMS's work.

IMS points out in its reply that the MWC states the following regarding the issuance of purchase order:

> Bollinger shall pay Contractor [IMS] for the work
> performed at the rate and for the consideration
> provided for in Bollinger's purchase order or
> through other written agreement. . . . *In the
> event of a conflict between the terms of a
> Bollinger Purchase Order issued in connection
> herewith and this Contract, the terms and
> conditions of this Agreement shall govern the
> agreement of the parties*.

(Exhibit 2 to IMS Motion for Summary Judgment, <u>emphasis added</u>). IMS also notes that the terms and conditions of the purchase order further state:

> CONFLICT - In the event a Master Service Contract
> is effective between the parties at the time any
> P/O is issued, and a conflict or inconsistency
> exists between the terms and condition of the
> Master Service Contract and the P/O, the terms and
> conditions of the Master Work Contract shall
> prevail.

(Exhibit B to Bollinger's Opposition).

### The Parties' Arguments

International Marine Systems, LLC ("IMS") requests summary judgment against Bollinger Shipyards Lockport, LLC ("Bollinger"), dismissing Bollinger's cross-claim against it for contractual defense and indemnity.  IMS claims that none of the claims asserted by Superior (or any other party) are for damages to persons and/or property of IMS, its employees, agents or subcontractors.  Instead, IMS contends that the damages are the fire-related damages sustained by Superior, which are clearly not covered by the MWC.

Bollinger claims that the MWC references the fact that purchase orders would be issued during the term of the MWC. Bollinger further claims that the Terms and Conditions of Purchase order number 120956, under which Bollinger claims IMS performed its services on SUPERIOR GALE, required the defense and indemnification of Bollinger regardless of the identity of the party asserting the claim as long as (1) the services were rendered pursuant to a purchase order and (2) the loss did not result from Bollinger's sole negligence.  Bollinger asserts that because Superior has claimed numerous incidents of IMS fault stemming from IMS's work for Bollinger in connection with this purchase order, the first requirement is satisfied.  Bollinger claims that the second element cannot be known with certainty until it is determined who is responsible for the damages.  Thus, Bollinger claims that this issue is not yet ripe for summary judgment.  In essence, Bollinger claims the MWC should be read

4

together with the terms and conditions of the purchase agreement.
Bollinger argues that the terms and conditions of the purchase
agreement do not conflict with those in the MWC - they only
supplement it.

Next, Bollinger asserts that IMS is Bollinger's insurer if
insurance coverage does not exist.  Bollinger claims the MWC
requires IMS to procure comprehensive general liability ("CGL")
insurance with limits of $1,000,000.  Bollinger claims IMS
obtained insurance from Underwriters; however, after initially
providing a defense, Underwriters has now refused to resume
defense obligations and has never agreed to indemnify Bollinger.
Bollinger asserts that if Underwriters is correct that the policy
does not provide coverage to Bollinger, then IMS has failed to
procure the insurance required by the MWC, and where a party who
is contractually bound to provide insurance coverage fails to do
so, it becomes the insurer.  See Stockstill v. Petty Ray
Geophysical, Division of Geosource, Inc., 888 F.2d 1493, 1496
(5th Cir. 1999).  Thus, Bollinger claims that if Underwriters is
successful in proving a lack of coverage, then IMS is obligated
to defend and indemnify Bollinger as an insurer.

In reply, IMS notes that Bollinger's new theory about the
terms and conditions of the purchase order is first mentioned in
the opposition to its motion, almost three years after the
initiation of this litigation and more than two years after the
filing of its cross-claim against IMS for contractual defense and
indemnity.

5

Next, IMS asserts that the MWC is in conflict with those indemnity provisions in the terms and conditions of the purchase order.  According to the terms of both the MWC and the purchase order terms and conditions, the terms of the MWC prevail in the event of a conflict.  IMS argues that the terms are conflicting because the indemnity provisions set forth in the MWC are reciprocal, whereas the terms and conditions relating to indemnity in the purchase order are one-sided and only favor Bollinger.

IMS further argues that it is not Bollinger's insurer.  IMS notes that this argument has nothing whatsoever to do with whether Bollinger is entitled to contractual defense and indemnity from IMS pursuant to the MWC.  IMS does assert, however, that it did obtain the insurance required by the MWC.  IMS notes that Bollinger may have a claim against Underwriters (and, in fact, Bollinger has asserted a claim against Underwriters in this proceeding), but IMS claims it has fulfilled its obligation under the MWC by obtaining the required insurance.

## Discussion

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c);

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrates the absence of a genuine issue of material fact. <u>Id.</u> If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. <u>Id.</u> at 325. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. <u>Id</u>

This Court finds that IMS's motion for summary judgment should be granted and Bollinger's cross claim against it should be dismissed based on the controlling, unambiguous terms of the MWC that do not require IMS to provide defense and indemnity to Bollinger in this case. This Court finds that the indemnity provisions in the two documents clearly conflict. First, the indemnity conditions in the purchase order are one sided and favor Bollinger only, whereas the indemnity obligations in the MWC are reciprocal. Moreover, the indemnity conditions in the purchase order are more broad than in the MWC. The indemnity obligation in the MWC is narrow and only requires IMS to provide

indemnity for damages to persons and/or property of IMS, its employees, agents or subcontractors, whereas the indemnity condition in the purchase order is much more broad, and requires IMS to indemnify Bollinger regardless of the identity of the party asserting the claim as long as (1) the services were rendered pursuant to a purchase order and (2) the loss did not result from Bollinger's sole negligence.  These indemnity provisions clearly conflict, and both the MWC and the terms of the purchase order state that the terms of the MWC shall control in the event of a conflict.  None of the claims for which Bollinger seeks contractual defense and indemnity involve damage to property of IMS or damage to the property of IMS's employees, agents, or subcontractors - as required by the MWC.  Accordingly,

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 244) filed by IMS** should be and hereby is **GRANTED**.

New Orleans, Louisiana this 30th day of January, 2007.


CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

8